**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Walter Scott Garrett, Appellant.

Appellate Case No. 2015-001526

———————

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-035
Submitted November 1, 2017 – Filed January 24, 2018

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

———————

**PER CURIAM:** Walter Scott Garrett appeals his convictions for criminal sexual conduct (CSC) with a minor in the first degree. He argues the trial court erred by

(1) admitting other bad sex acts evidence from when Victim was a small child in another state and (2) declining to dismiss the case based on the twenty-four year pre-indictment delay. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred by admitting other bad sex acts evidence from when Victim was a small child in another state: *State v. Wallace*, 384 S.C. 428, 432, 683 S.E.2d 275, 277 (2009) ("Evidence of other bad acts is not admissible to prove the defendant's guilt except to show motive, identity, existence of a common scheme or plan, absence of mistake or accident, or intent."); *id.* at 433, 683 S.E.2d at 277 ("Pursuant to Rule 401[,SCRE], the trial court must determine whether the evidence is relevant. Upon determining the evidence is relevant, the trial court must then determine whether the bad act evidence fits within an exception of Rule 404(b) as interpreted by our jurisprudence."); *id.* at 433, 683 S.E.2d at 277-78 ("When determining whether evidence is admissible as common scheme or plan, the trial court must analyze the similarities and dissimilarities between the crime charged and the bad act evidence to determine whether there is a close degree of similarity."); *id.* at 433, 683 S.E.2d at 278 ("When the similarities outweigh the dissimilarities, the bad act evidence is admissible under Rule 404(b)."); *State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (stating an issue is not preserved for appeal when one ground is raised below and another ground is raised on appeal).

2.      As to whether the trial court erred by declining to dismiss the case based on the twenty-four year pre-indictment delay: *State v. Brazell*, 325 S.C. 65, 72, 480 S.E.2d 64, 68-69 (1997) (adopting a two-part test to determine if pre-indictment delay has violated due process: "First, the defendant has the burden of proving the pre-indictment delay caused substantial actual prejudice to his right to a fair trial. Second, if the defendant shows actual prejudice, the court must consider the prosecution's reasons for the delay and balance the justification for delay with any prejudice to the defendant."); *id.* at 73, 480 S.E.2d at 69 ("Substantial prejudice requires a showing that 'he was meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was likely [a]ffected.'" (quoting *Jones v. Angelone*, 94 F.3d 900 (4th Cir. 1996))); *id.* ("When the claimed prejudice is the unavailability of a witness, courts require that the defendant identify the witness he would have called; demonstrate, with specificity, the expected content of that witness' testimony; establish that he made serious attempts to locate the witness; and finally, show that the information the witness would have provided was not available from other sources."); *State v. Lee*, 375 S.C. 394, 398, 653 S.E.2d 259, 261 (2007) ("To meet

his burden of showing substantial prejudice, the defendant must identify the evidence and expected content of the evidence with specificity, as well as show that he made serious efforts to obtain the evidence and that it was not available from other source[s]."); *id.* at 400, 653 S.E.2d at 262 ("[T]he second part of the due process inquiry requires the court to consider the prosecution's reasons for the delay and balance the justification for delay with any prejudice to the defendant."); *id.* ("When balancing the prejudice and the justification, the basic inquiry then becomes whether the government's action in prosecuting after substantial delay violates 'fundamental conceptions of justice' or 'the community's sense of fair play and decency.'" (quoting *Brazell*, 325 S.C. at 73, 480 S.E.2d at 69)).

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.